UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/13
```

| | |
|---|---|
| CAPITOL RECORDS, LLC d/b/a <br> EMI MUSIC NORTH AMERICA, <br> <br> Plaintiff, <br> <br> - against - <br> <br> ESCAPE MEDIA GROUP, INC., <br> <br> Defendant. | Case No. 12 Civ. 6646 (AJN) <br> <br> <br> **STIPULATED PROTECTIVE ORDER** |

Plaintiff Capitol Records, LLC d/b/a EMI Music North America ("Capitol") and Defendant Escape Media Group, Inc. ("Escape") (Capitol and Escape are sometimes referred to herein individually as a "Party" and collectively as the "Parties"), through their respective counsel of record, hereby submit this Confidentiality and Protective Order ("Protective Order") for the Court to so order.

Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

1.  This Protective Order governs the handling of any document, information or other materials exchanged by the Parties or received from third parties in response to any discovery or other method authorized or permitted by the Federal Rules of Civil Procedure, in connection with all phases of the above-captioned action leading up to trial, including, but not limited to, the filing of any pleadings, answering any discovery requests, taking depositions, filing motions, and preparing transcripts and exhibits. This Protective Order does not govern proceedings during trial, nor does it prohibit any Party from seeking a separate protective order to govern trial proceedings; however, this Protective Order shall govern all testimony taken at a pretrial hearing or other proceeding in this Action, other than the trial. Any information or materials produced

by any Party or third party as part of discovery or other pre-trial aspects of this Action may be designated "Confidential" or "Highly Confidential" by such Party or third party pursuant to Paragraph 2 of this protective order.

2. As used herein:

(a) "Producing party" shall mean the Parties and any third-parties producing "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise in the Action, or the party asserting the confidentiality thereof, as the case may be.

(b) "Receiving party" shall mean any Party receiving "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise in the Action.

(c) "Confidential Information" shall include any documents and testimony which the Producing party or third party reasonably believes not to be in the public domain and contains any trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or, in the case of individuals, can reasonably be considered violative of, or detrimental to, their personal privacy if made available to individuals or entities other than those identified in paragraph 4, below.

(d) "Highly Confidential Information" shall include any Confidential Information which the Producing party or third party reasonably believes to be so

sensitive that it is entitled to extraordinary protections afforded such information under this protective order.

3. A Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other information or material as Confidential Information or Highly Confidential Information. If the Producing party does not agree to de-designate or re-designate such document, information or material, such Receiving party may move before the Court for an order de-designating or re-designating those documents, information or materials. If no such motion is filed and granted, such documents, information and/or materials shall continue to be treated as initially designated by the Producing party. If such motion is filed, the documents, information and/or other materials that are the subject thereof shall continue to be treated as Confidential Information or Highly Confidential Information (according to their initial designations) unless and until the Court rules otherwise. The burden of demonstrating that information has been properly designated under this Order is on the Party or third-party making the designation.

4. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of a Party directly assisting in the Action, provided that such persons have been advised by their outside counsel about this Order and they have acknowledged their obligations hereunder;

(b) outside counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such

counsel in the Action, are under the supervision or control of such counsel, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

(c) in-house counsel for the Parties who are necessary for the furtherance of and are directly assisting in the Action and staff and supporting personnel of such attorneys who are under their supervision or control, and who have been advised by such counsel of and have acknowledged their obligations hereunder;

(d) In-house counsel for Universal Music Group who is directly assisting Capitol in the Action and solely as is necessary for the furtherance of the Action, and staff and supporting personnel of such attorneys who are assisting in the Action and are under the direct supervision or control of such attorneys, and who have been advised by such counsel of and have acknowledged their obligations to treat such Confidential Information in accordance with this Order.

(e) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with the Action or to give testimony with respect to the subject matter of the Action at the trial of the Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(f) the Court and court personnel, if filed in accordance with paragraph 12 hereof;

(g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer who are under their supervision or control and who have been advised by such officer of and have

acknowledged their obligations hereunder, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(h) witness at trial, deposition and hearings or other proceedings in the Action, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(i) any other person agreed to by the Parties in writing, through counsel for the Parties in the Action, prior to any disclosure to such person.

5. Except with the prior written consent of the Producing party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 4(b) and (e) - (i).

6. Confidential Information and Highly Confidential Information shall be utilized by the Receiving party and those to whom it is entitled to disclose such information solely for purposes of the Action and for no other purposes, subject to any Order of the court permitting use outside the scope of this litigation.

7. Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant pursuant to paragraph 4(e) hereof, counsel for the Receiving party shall obtain the expert's written, signed agreement, in the form of Exhibit A attached hereto, to comply with and be bound by this protective order.

8. All depositions shall presumptively be treated as Confidential Information hereunder and subject to this protective order during the deposition and for a period of twenty (20) days after a final transcript of said deposition is mailed via overnight mail by counsel for the deposing party to counsel for the witness with a copy to all other parties. At or before the end of

such twenty day period, the deposition shall be designated appropriately, failing which the entire transcript shall be deemed non-confidential.

9. Should the need arise for any of the Parties to disclose Confidential Information or Highly Confidential Information during any hearing, trial or other proceeding before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Party intending to make such disclosure (or the Producing Party), shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

10. This protective order shall not preclude counsel for the Parties from using any documents, information or materials which have been designated as "Confidential Information" or "Highly Confidential Information" during any deposition in the Action in accordance with the terms hereof. Any deposition witness who is given access to Confidential Information or Highly Confidential Information at a deposition (other than those that have previously acknowledged their obligation in accordance with paragraph 4(a)-(d) or have signed Exhibit A, attached hereto) shall, at least one day prior thereto, be provided with a copy of this protective order and shall execute the certificate annexed hereto as Exhibit A. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties.

11. A Party may designate any document, information, materials or deposition testimony produced or given by any third party to the Action, or any portion thereof, as Confidential Information or Highly Confidential Information subject to this protective order. In the case of documents, such designation shall be made by notifying all counsel in writing of such documents, information, or materials which are to be designated and treated as such within thirty (30) days after actual receipt of copies of such documents, information, or materials by counsel

for the Party asserting confidentiality thereof. All documents, information, or materials produced by a third party to the Action shall be treated as "Highly Confidential Information" under this protective order pending such notice of designation by a Party or the expiration of the aforesaid 30-day period or agreement of the parties to the contrary. In the case of deposition testimony, designation shall be made in accordance with Paragraph 8 above.

12. Any Party may file with the Court any documents, information or materials previously designated as comprising or containing Confidential Information or Highly Confidential Information by submitting such documents to the Clerk of Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Action, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents, information or materials which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents, information and/or materials shall be returned by the Clerk of the Court upon disposition of the motion or other proceeding for which they were submitted.

All pleadings, briefs, memoranda or other submissions that reproduce, paraphrase or disclose any documents, information or materials which have previously been designated by a Party as comprising or containing Confidential Information or Highly Confidential Information shall

identify such documents, information or material by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. If a Producing party inadvertently produces any document, information or materials in response to discovery requests (or otherwise) in this Action that the Producing party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Material"), such inadvertent production will not be deemed to waive any privilege, work product or other protection. In such a case, the Producing party may request the return of any such document, information or materials that it inadvertently produced by identifying the Inadvertently Produced Privileged Material and stating the basis for withholding such document, information or material from production. If a Producing party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Material then in the custody of one or more Parties, the possessing Parties shall, within five (5) business days of their receipt of such a request destroy or return to the Producing party the Inadvertently Produced Privileged Material and all copies thereof and shall make reasonable efforts to expunge from any other document or material information derived from the Inadvertently Produced Privileged Material. A Party may move the Court for an order compelling production of a document, information or material reclaimed as Inadvertently Produced Privileged Material, but said Party may not assert as a ground for such an order the fact or circumstances of the inadvertent production. Nothing in this protective order shall preclude a Party from arguing that the

production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that conduct other than the alleged inadvertent production in this Action constitutes a waiver of any privilege that may otherwise apply thereto.

15. The production or disclosure of Confidential Information or Highly Confidential Information in this Action shall in no way constitute a waiver of any Party's right to object to the production or disclosure of other information in this Action or any information in any other action.

16. This protective order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this protective order or other duty of confidentiality; or (b) a Receiving party can demonstrate was already known to that Party prior to the time of disclosure and was not subject to conditions of confidentiality.

17. This protective order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this protective order or any provisions hereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate hereunder or under the Federal Rules of Civil Procedure or other applicable law.

18. This protective order shall continue to be binding after the conclusion of the Action except (a) that there shall be no restriction on documents that were filed or otherwise presented as exhibits in Court (unless such exhibits were filed under seal or otherwise protected from public disclosure by Order of the Court); and (b) that a party may seek the written permission of the Producing party or further Order of the Court with respect to dissolution or modification of this protective order. Absent prior written consent of all Parties or Order of the Court, the provisions of this protective order shall continue to be binding after the conclusion of this Action.

19. Entering into this protective order, producing or receiving documents, information or materials designated under this protective order, not objecting to any designation under this protective order, or otherwise complying with the terms of this protective order shall not:

   a. operate as an admission by any Party that any particular document, information or material designated under this protective order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;
   b. waive or prejudice in any way the rights of any Party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this protective order;
   c. waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this protective order;
   d. waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information or material should be subject to the terms of this protective order;
   e. waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;
   f. waive or prejudice in any way the rights of any Party to comment on this Action, so long as such comment does not reveal or disclose any document, information or materials in violation of this protective order.

20. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all rights of appeal, all Confidential Information or Highly Confidential Information produced or designated in the Action and all reproductions and uses thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party. In the

event that a Producing party elects to require the Receiving party to destroy documents, information and materials designated under this protective order, the Producing party shall so notify the Receiving party in writing and the Receiving party shall certify in writing within thirty (30) days of its receipt of such notice or sixty (60) days of the final termination of this Action, that it has undertaken its best efforts to, and to the best of its knowledge did, destroy such documents, information and materials. Notwithstanding anything to the contrary contained herein, counsel of record for the Parties may retain one copy of their own work product, a copy of all pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits even if the same contain documents, information or materials designated hereunder as Confidential Information or Highly Confidential Information.

21. This protective order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this protective order shall prohibit or interfere with the ability of counsel for any Party, or of experts retained for the Action, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters so long as such counsel and/or expert complies with the terms of this protective order.

22. This protective order may be modified or amended by further Order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED:

Dated:             **PRYOR CASHMAN LLP**

By: _____
Donald S. Zakarin
Ilene S. Farkas
Frank P. Scibilia
7 Times Square
New York, New York 10036-6569

*Attorneys for Plaintiff*

Dated: 8/1/13      **ROSENBERG & GIGER P.C.**

By: _____
John J. Rosenberg
Matthew H. Giger
488 Madison Avenue, 10th Floor
New York, New York 10022

*Attorneys for Defendant*

---

The protective order is modified to the extent that parties seeking to place documents under seal with the Court must follow the procedures set forth in my Individual Rules of Practice.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

New York, New York
August 16, 2013

**EXHIBIT A**
**CERTIFICATE REGARDING CONFIDENTIALITY**
**Capitol Records, LLC v. Escape Media Group, Inc.**
**12-Civ-06646 (AJN)**

I hereby acknowledge that I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the Southern District of New York on _____, 2013, in the above-captioned case and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms. I agree not to disclose documents, information or materials designated thereunder as "Confidential" or "Highly Confidential" to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions (including contempt) and that I and others to whom I convey Confidential or Highly Confidential Material in violation of the Protective Order may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Confidential or Highly Confidential documents, information and materials only in connection with this litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or is appealed.

_____

Name: _____
Business Address: _____
_____