# ROSENBERG & GIGER
### A PROFESSIONAL CORPORATION

250 Park Avenue  
Twelfth Floor  
New York, NY 10177

Tel: (646) 494-5000  
Fax: (646) 595-0590

October 25, 2013

**VIA E-MAIL:  (Netburn_NYSDChambers@nysd.uscourts.gov)**

Honorable Sarah Netburn  
United States District Court  
Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY  10007

  Re: Capitol Records, LLC v. Escape Media Group, Inc., 12 Civ. 06646 (AJN)

Dear Judge Netburn:

  I am counsel for defendant Escape Media Group, Inc. ("Escape") in this action.  I submit this letter in response to the October 18th letter to Your Honor from Ilene Farkas, counsel for plaintiff Capitol Records, LLC d/b/a EMI Music North America ("EMI").

  I note at the outset my surprise at Ms. Farkas's letter.  Although I recognize that Ms. Farkas ostensibly sent her missive pursuant to the Court's Order dated October 4, 2013, Ms. Farkas's letter ignores that, as also contemplated by that Order, Escape respectfully declined, in the joint letter to Your Honor dated October 11, 2013, to have the Court determine damages on Count II of EMI's Complaint (to which Escape has stipulated as to liability) based on letter submissions of the parties.  In that joint letter, Escape confirmed that, as is its right, it would require that the complex, fact-bound issue of damages be determined at trial.

  Escape's position is consistent with the parties' prior agreement on the issue, as confirmed in the their July 16, 2013 "Stipulation Regarding Second Claim in Plaintiff's Complaint" (the "Stipulation"), a copy of which is attached hereto for the Court's convenience.  Specifically, EMI acknowledged and agreed in the Stipulation that "[t]he existence and extent of damages due to EMI [on Count II of its Complaint] is reserved for further determination at trial in accordance with the practices and procedures of the Court."  (Stipulation at ¶ 6).  As EMI is fully aware that Escape is standing on its right to have this contested factual issue determined at trial - - a right confirmed by EMI in the Stipulation - - it is perplexing, and wasteful of judicial resources, for EMI to proceed in its October 18, 2013 letter as though this issue will be submitted to Your Honor for resolution.

Hon. Sarah Netburn
United States District Court
Southern District of New York
October 25, 2013
Page 2

      Although Escape submits that the foregoing is dispositive of the matter, it bears mention that Ms. Farkas's letter only underscores the reasons why this issue cannot appropriately be resolved through the expedient of letter submissions. Ms. Farkas's deceptively simplistic syllogism (1) offers that Escape made certain payments to EMI pursuant to the parties' Distribution Agreement for the 3-month period from September – November of 2011; (2) assumes (without basis and incorrectly) that user activity on Escape's Grooveshark service (the primary basis upon which the contractual payments to EMI were to be calculated) during the period December 1, 2011 – March 22, 2011 remained constant and consistent with the preceding three months; and (3) concludes that, as such, the amounts owed for December - March can be calculated simply by averaging the prior payments and applying that average to the subsequent time period. That analysis is faulty for at least two reasons.

      First, in advancing this position, Ms. Farkas avers that the amounts of the September – November 2011 payments "were verified by a third-party preparer of Escape's choosing." That assertion is manifestly incorrect. In fact, it was EMI who not only proposed, but demanded that Escape utilize the services of the "third-party preparer" to whom Ms. Farkas refers, *i.e.*, Music Reports, Inc. ("MRI"). Escape later learned that EMI is apparently closely affiliated and aligned with MRI and is, in fact, a client of MRI.[1] MRI's relationship with (and loyalty to) EMI, during the very period in which it was ostensibly working for, and being paid by Escape, was perhaps best exemplified when Escape questioned certain of MRI's accounting conclusions - - the very conclusions upon which EMI now bases its damage calculation - - and requested certain back-up documentation from MRI. Remarkably, MRI refused to provide that information to Escape, in significant part because of its relationship with EMI. Thus, EMI's simplistic damage analysis is based upon calculations by an entity with which it is closely aligned, rendering MRI's accounting conclusions subject to attack on credibility grounds.

      In exacerbation of the foregoing, EMI's presently proffered analysis incorrectly assumes that the usage of Escape's Grooveshark service - - the basis upon which MRI calculated the amounts allegedly due to EMI for the September – November 2011 period - - remained constant during the 3½ month period that followed. [REDACTED]

---

[1] Indeed, it is Escape's understanding that EMI hopes to utilize the services of MRI to assist it in the calculation of its alleged damages against Escape, a former MRI client. If EMI engages MRI as its expert in this case, Escape will most assuredly object to the same, as MRI would be operating under an obvious conflict of interest and, in any event, may well be a fact witness at the trial of this proceeding.

Hon. Sarah Netburn
United States District Court
Southern District of New York
October 25, 2013
Page 3

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

As a result of the foregoing, there simply would be no basis - - even if Escape were inclined to have Your Honor resolve this issue on letter submission (which, as stated, it is not) - - for this Court to accept the simplistic and faulty analysis that EMI has proposed. Rather, as the above observations confirm, this is an intensely fact-bound issue that can only properly be resolved either through settlement ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ or through a proper damages adjudication on the merits.

Nor do the cases cited by EMI provide support for its attempt to set damages informally through an analysis of contested historical averages. Those cases only permitted the use of past financial performance to estimate "future" damages in situations in which adequate information for the relevant time period was not available from which an actual damage calculation could be performed. That plainly is not the case here, where Escape has produced to EMI all the data that it requires to perform an analysis and calculation of its damage claim. Indeed, EMI concedes as much, *sub silentio*, by its acknowledgment that, in the event that the damage issue is not resolved on letter submission, EMI will engage a third party to perform the same sort of analysis that MRI was engaged to perform on behalf of Escape. EMI's acknowledgement confirms that it possesses the ability to make an actual (rather than theoretical) damage calculation.

Before concluding, I must also acknowledge my further surprise at the suggestion in Ms. Farkas's letter that EMI is entitled to an award of attorneys' fees on the breach of contract claim asserted in Count II of its Complaint. As is confirmed by the terms of the Stipulation, EMI relinquished its attorneys' fees claim. As that issue is not the central focus of the present correspondence with the Court, however, Escape will reserve its right to present argument on that issue, if the same becomes necessary at an appropriate time in the future.

In conclusion, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Escape respectfully declines to agree that the fact-bound and complex issue of damages on EMI's Second Claim (which, as a result of EMI's

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Hon. Sarah Netburn
United States District Court
Southern District of New York
October 25, 2013
Page 4

waiver, does not include attorney's fees) may be resolved other than through a determination at trial, as is Escape's right and as EMI specifically agreed in the Stipulation.

Respectfully submitted,

*/s/ John Rosenberg*

John J. Rosenberg
Direct Dial: (646) 494-5011
E-Mail: jrosenberg@rglawpc.com

Enclosure

cc:  Matthew H. Giger, Esq. (via e-mail)
     Ilene S. Farkas, Esq. (via e-mail)
     Benjamin Semel, Esq. (via e-mail)

Case 1:12-cv-06646-AJN-SN Document 47 Filed 10/25/13 Page 5 of 6
Case 1:12-cv-06646-AJN-SN Document 24 Filed 07/16/13 Page 1 of 2

Nathan, J

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 1 6 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CAPITOL RECORDS, LLC d/b/a EMI MUSIC
NORTH AMERICA,

                      Plaintiff,

       against

ESCAPE MEDIA GROUP, INC.,

                      Defendant.
-------------------------------------------------------------x

Civil Action No.: 12 Civ 6646 (AJN) (SN)

**STIPULATION REGARDING
SECOND CLAIM IN
PLAINTIFF'S COMPLAINT**

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for the parties that:

      1.    Defendant Escape Media Group, Inc. ("Escape") and Plaintiff Capitol Records LLC d/b/a EMI Music North America ("EMI") entered into a Digital Distribution Agreement effective as of September 24, 2009, as amended (the "Distribution Agreement").

      2.    Escape exploited certain "EMI Content," including "Authorized Tracks" (both as defined in the Distribution Agreement), pursuant to the Distribution Agreement during the period December 1, 2011 through March 22, 2012. Escape did not make the monthly payments that it was required to make under the Distribution Agreement with respect to such exploitation during such period. Escape also did not provide "Sales Reports" to EMI pursuant to the Distribution Agreement for the same time period.

      3.    On March 22, 2012, EMI terminated the Distribution Agreement.

      4.    Escape will not contest liability on EMI's Second Claim asserted in its Complaint, for breach of the Distribution Agreement, based on the matters addressed in paragraph 2 of this Stipulation.

5. The only issue remaining on EMI's Second Claim is the existence and/or the extent of damages on the aforesaid claim.

6. The existence and extent of damages due to EMI as a result of the facts recited in paragraph 2, above, is reserved for further determination at trial in accordance with the practices and procedures of the Court.

7. EMI will not argue based on the language in this Stipulation that Escape has conceded or admitted to the exploitation of any content outside of the scope of the authorized content under the Distribution Agreement.

Dated: July 15, 2013

**ROSENBERG & GIGER P.C.**

By: _____
John J. Rosenberg
Matthew H. Giger

488 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 705-4824
mgiger@rglawpc.com

*Attorneys for Defendant*

Dated: July 15, 2013

**PRYOR CASHMAN LLP**

By: _____
Donald S. Zakarin
Ilene S. Farkas
Erich Carey

7 Times Square
New York, NY 10036
Tel: (212) 326-0108
ifarkas@pryorcashman.com

*Attorneys for Plaintiff*

SO ORDERED: 7/16/13

_____
U.S.D.J.